WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Edgar Antonio Casahonda, et al.,<br><br>          Defendants. | No. CR 17-1904-TUC-CKJ (LCK)<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration (Doc. 531) filed by Defendant Edgar Antonio Casahonda ("Casahonda"). A response has not been filed. *See* LRCrim 12.1; LRCrim 47.1; LRCiv. 7.2(g)(2) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.").

It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263. "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id*. (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *Backlund v. Barnhart*, 778 F.2d 1386, 1388

(9th Cir. 1985).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through-rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Casahonda objects to several factual findings in the November 3, 2021, Order. However, the objections refer to statements made in the Order under a heading of "Testimony of Chad Sutterley." In other words, the summary is of Agent Sutterley's testimony, not a summary of facts. As to these objections generally, therefore, reconsideration is denied.

However, the Court agrees with Casahonda that the statement in the Order that the agent "had a copy of Casahonda's Arizona driver's license photo from a previous investigation" does not accurately reflect Agent Sutterley's testimony. Nonetheless, Agent Sutterley had been advised of Casahonda's name from the February 2016 Prescott J & G Sales referral. A search for a driver's license would have resulted in Agent Sutterley obtaining a driver's license photograph of Casahonda.[1] In other words, this incorrect summary of the agent's testimony does not justify reconsideration of the Court's finding there is an independent source of evidence against Casahonda.

Additionally, Casahonda asserts that ATF's policy which would have warranted a trafficking investigation upon observing four firearms being loaded into a vehicle does not justify a traffic stop consistent with the Fourth Amendment. However, the vehicle (white Chevy Impala) in which the firearms were placed had previously been identified as

---

[1]According to the November 8, 2017, Pretrial Services Report, Casahonda was issued a class D driver's license on February 29, 2016, which was due to expire on August 05, 2061.

1  associated with firearm trafficking incidents.  Agent Sutterley testified these circumstances
2  would warrant a criminal trafficking investigation.  Such investigation would provide an
3  additional independent source of evidence against Casahonda.  The Court has concluded
4  there is an independent source for the evidence against Casahonda.  Reconsideration is not
5  appropriate.
6       Accordingly, IT IS ORDERED the Motion for Reconsideration (Doc. 531) is
7  DENIED.
8       DATED this 19th day of November, 2021.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge